IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| DRFP L.L.C.<br>d/b/a Skye Ventures<br>250 E. Broad Street<br>Columbus, Ohio U.S.A. 43215 : <br><br>    Plaintiff<br><br>    v.<br><br>The Republica Bolivariana de Venezuela :<br>Venezuela, South America<br><br>    and<br><br>The Venezuelan Ministry of Finance<br>c/o Tobias Nobrega Suarez :<br>Minister of Finance<br>The Republica Bolivariana de Venezuela<br>Ministerio de Financias :<br>Av. Urdaneta, esquina de<br>Puente Llaguno<br>Caracas, Venezuela<br><br>c/o Ministerio de Relaciones Exteriores<br>(Foreign Minister of Venezuela)<br>Conde a Carmelitas<br>Torre MRE<br>Caracas, Venezuela | CASE NO: C2 04 793<br><br>JUDGE:  JUDGE HOLSCHUH<br><br>MAGISTRATE MAGISTRATE JUDGE KING |

## Jurisdiction

1.    This court has subject matter and <u>in personam</u> jurisdiction of the action pursuant to 28 U.S.C.§1330 as this is a non-jury civil action against a foreign state and pursuant to 28 U.S.C.§1605(a)(2)  (Foreign Sovereign Immunities Act).

2.    Venue is proper in this District pursuant to 28 U.S.C.§1391(f)(1) and Local Rule 82.1, as a substantial part of the events and omissions that give rise to this lawsuit

1

occurred in the Southern District of Ohio and the property that is the subject of this lawsuit is situated in this District.

Parties

3. DRFP L.L.C. dba Skye Ventures (hereinafter Skye) is a limited liability company organized under Ohio law with its principal place of business in Columbus, Ohio, U.S.A.

4. The Republic Bolivariana of Venezuela (hereinafter Republic) is a sovereign state in South America.

5. The Venezuelan Ministry of Finance (hereinafter Ministry), successor to the Ministry Hacienda, is an instrumentality, agency and/or political subdivision of the Republic . The Honorable Mr. Tobias Nobrega Suarez is the current Minister of Finance.

Factual Allegations

6. In 1981 Banco Desarrollo Agropecuario SA (hereinafter Bandagro) was an organized financial institution in Venezuela, S.A., having been established pursuant to the laws of the Republic.

7. In December, 1981, Bandagro issued a series of no coupon bearer promissory notes (hereinafter Notes) for sale in the international financial markets, thereby engaging in commercial activity. Said Notes were to mature in December, 1991.

8. The officers of Bandagro and other officials of the Republic had the legitimate authority of the Republic to bind the Republic as guarantor of the Notes as set forth on the face of the Notes pursuant to Article 50 of the Public Credits Organic Law dated August 27, 1981 and other laws of the Republic.

9. The Notes, as set forth on their face, declare that the obligation to pay them is guaranteed by the Republic in accordance with the representations contained in the letter of the Minister of Haciendas, number 733, dated November 5, 1981. Additionally, in December, 1991, the Minister of Hacienda, the predecessor to the current Minister of Finance, unilaterally extended the Notes maturity until December, 1999, and has refused to date to honor payment demanded by Plaintiff, all which constitute <u>commercial activity</u> within the meaning of 28 U.S.C. §1605, et seq.

10. Said Notes are governed by the laws of Switzerland, the procedures of the International Chamber of Commerce (hereinafter ICC), the United States Council of the ICC Brochure 322 (now 522) and payable in U.S. Dollars as also set forth on the face of the Notes. Under the applicable laws, rules and/or regulations, demand for payment of matured bearer promissory notes may be made upon the guarantor from any location for deposit of funds in any location, including the United States.

11. At all times relevant herein, Skye, is the owner, holder and bearer of the Notes Nos. 7/12 and 8/12 totaling One Hundred Million Dollars ($100,000,000.00 US) which Skye obtained from Gruppo Triad-FCC SPA. (See attached copies, Exhibits 1A and 1B and which are incorporated in this Complaint by reference.)

12. Prior to the maturity of the notes, Bandagro ceased operations and is currently defunct.

13. Pursuant to the terms of the Notes and the laws of the Republic, the Ministry of Finance and the Republic, as obligors and guarantors of the Notes, are the responsible entities for satisfying the debt obligations and otherwise complying with all of the terms and conditions created by the Notes.

14. The Ministry of Finance is the Republic's political subdivision, instrumentality and/or agency of the Republic charged with the payment of the Notes, as set forth in the final opinion and judgment of the Attorney General of the Republic, issued October, 2003.

15. On August 11, 2004, Skye, having possession of and being the bearer of Notes Nos. 7/12 and 8/12 in Columbus, Ohio, made demand from Columbus, Ohio and through its attorneys, pursuant to Swiss law, upon the Ministry for redemption of the Notes with instructions to follow as to deposit of the funds to a financial institution in Columbus, Ohio, U.S.A.

16. To date, the Ministry and the Republic have failed to acknowledge the demand, their obligation on the Notes or to tender payment as guarantors of the Notes within a commercially reasonable time.

COUNT ONE – Action for Default on Promissory Notes

17. Notes Nos. 7/12 and 8/12 (See Exhibits 1A and 1B) represent legal and valid financial obligations of the Republic, as guarantor.

18. Skye, as owner and bearer of said Notes, which are past maturity, made commercially reasonable and proper demand upon the Ministry and the Republic for payment of principal and interest.

19. The Ministry and the Republic have failed to respond within a commercially reasonable time or to otherwise honor the obligations of the Republic as guarantor of the Notes.

20. The Ministry's failure to honor Skye's demand for payment on the matured notes constitutes a default of the Republic's debt obligation to Skye in the amount of $100,000,000.00, plus accrued interest to date in U.S. Dollars.

Prayer for Relief

WHEREFORE, Skye respectfully prays for a money judgment against the Republic in the amount of $100,000,000.00, the face amount of the Notes, plus accrued interest in U.S. Dollars, its costs incurred herein as well as any other relief, legal or equitable, that the Court deems just and proper.

                    Respectfully submitted,

                    CRABBE, BROWN & JAMES LLP

                    */s/ Luis M. Alcalde*
                    LUIS M. ALCALDE (0022848)
                    STEVEN B. AYERS (0021778)
                    500 South Front Street, Suite 1200
                    Columbus, Ohio 43215
                    Telephone: (614) 228-5511
                    Facsimile:  (614) 229-4559
                    Email: LAlcalde@cbjlawyers.com
                                SAyers@cbjlawyers.com

Of Counsel:
ANDREW DOUGLAS (0000006)
500 South Front Street, Suite 1200
Columbus, Ohio 43215