IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



2004 AUG 23 P 2: 49

| | |
|---|---|
| DRFP L.L.C.<br>d/b/a Skye Ventures<br>250 E. Broad Street<br>Columbus, Ohio U.S.A. 43215<br><br>Plaintiff<br><br>v.<br><br>The Republica Bolivariana de Venezuela<br>Venezuela, South America<br><br>and<br><br>Tobias Nobrega Suarez<br>Minister of Finance<br><br>The Republica Bolivariana de Venezuela<br>Ministerio de Financias<br>Av. Urdaneta, esquina de<br>Puente Llaguno<br>Caracas, Venezuela<br><br>c/o Ministerio de Relaciones Exteriores<br>Foreign Minister of Venezuela)<br>Conde a Carmelitas<br>Torre MRE<br>Caracas, Venezuela | NUMERO DEL CASO: 04 793<br><br>JUEZ: JUDGE HOLSCHUH<br><br>MAGISTRADO: MAGISTRATE JUDGE KING<br><br><br><br>SPANISH TRANSLATION OF<br>COMPLAINT<br><br>TRADUCCIÓN AL ESPAÑOL<br>DE LA DEMANDA |

Jurisdicción:

1. Este tribunal tiene jurisdicción sobre la materia y jurisdicción sobre la persona o personas del demandado en acuerdo con 28 U.S.C. § 1330 en que este caso es una acción sin jurado contra un soberano extranjero en acuerdo con 28 U.S.C.§ 1605(a)(1) y (a)(2) (Ley Sobre La Inmunidad De Soberanos Extranjeros).

1

2. Este tribunal tiene jurisdicción pertinente o competencia sobre el caso en acuerdo con 28 U.S.C. § 1391(f)(1) y Regla Local 82.1 porque una parte sustancial de los hechos pertinente al caso ocurrieron en el Distrito Federal del Este del Sur de Ohio y la propiedad que es el asunto de esta demanda se encuentra en este Distrito.

Partes:

3. DRFP L.L.C. d/b/a Skye Ventures (de aquí en adelante "Skye") es una sociedad de responsabilidad limitada establecida en el estado de Ohio y con su cede principal de negocios en Columbus, Ohio E.E.U.U.

4. La República Bolivariana de Venezuela (de aquí en adelante "República") es un estado soberano en Sur América.

5. El Ministerio de Financias de la República (de aquí en adelante "Ministerio") es un instrumento legal, agencia o/y una división política de la República. El Honorable Señor Tobias Nobrega Suarez es el presente Ministro de Financias.

Alegaciones de Hechos:

6. En 1981 el Banco de Desarrollo Agropecuario SA (de aquí en adelante "Bandagro") era una institución financiera legalmente establecida en Venezuela en acuerdo con las leyes de la República.

7. En Diciembre de 1981 Bandagro fue el emisor de una unas series de notas promisorias pagable al portador o tenedor (de aquí en adelante "NP") para venta en el mercado financiero internacional y con ese hecho entro o se ocupo en una actividad comercial. Las NP, en acuerdo con el contenido literal de los instrumentos, eran pagable en Diciembre de 1991.

8. Los oficiales de Bandagro y otros oficiales de la Republica estaban legalmente

2

autorizados por la República para obligar a la República a avalar o garantizar las NP y en acuerdo con el contenido literal de los instrumentos y también con el Articulo 50 de la Ley Orgánica de Crédito Públicos fechada el 27 de Agosto, 1981 y otras leyes de la Republica.

9. Las NP, en acuerdo con el contenido literal de los instrumentos, declaran que la obligación de sus pagos esta garantizada por la Republica en acuerdo con el contenido de la carta numero 733 del Ministro de Haciendas, fechada el 5 de Noviembre 1981. Adicionalmente, el Ministro de Haciendas, cual Ministro fue el predecesor del presente Ministro de Financias, unilateralmente extendió el pago de las NP asta Diciembre de 1999, y asta el presente, se ha negado pagar las NP como demandado por el querellante. Todos estos mencionados hechos constituyen actividad comercial.

10. Dichas NP, en acuerdo con el contenido literal de los instrumentos, son sujeta a las leyes de Suiza, los procedimientos de la Camara Internacional de Comercio (aquí en adelante "CIC"), las reglas de la CIC de los Estados Unidos de America contenidas en el folleto numero 322 (presentemente siendo el numero 522) y son pagable en dolares de los Estados Unidos de América. En acuerdo con las leyes, reglas y regulaciones aplicable a la situación, el portador o tenedor puede demandar al garante el pago de las NP desde cualquier localidad para deposito de fondos monetarios en cualquier localidad, incluyendo los Estados Unidos de América.

11. Durante todo tiempo pertinente, Skye, a sido el propietario, portador y tenedor de las NP, series numero 7/12 y 8/12 por un montón de cien mil millones de dolares ($100,000,000.00) que Skye obtuvo del Gruppo Triad-FCC SPA. (Ve copias certificadas de dichas NP, Anexos 1a y 1 b cual sus contenidos literal son incorporado dentro de esta Demanda por referencia).

12. Antes del supuesto pago de las NP en Diciembre 1991 Bandagro termino sus operaciones y presentemente no esta en existencia.

13. En acuerdo con las condiciones contenidas literal en las NP y las leyes de Venezuela, la República y el Ministerio de Financia, como garantes de las NP, tienen la obligación de pagar las NP al portador o el tenedor Skye en acuerdo con las instrucciones de pago de Skye.

14. El Ministerio de Financias es el instrumento, la agencia y/o la division política de la República que, en acuerdo con el dictamen vinculante de la Procuraduría General de La República de Venezuela, fechado Octubre 3 de 2003, tiene que pagar las NP.

15. Skye, por parte de sus abogados, siendo el portador o tenedor de las NP numeradas 7/12 y 8/12 localizada en Columbus, Ohio, E.E.U.U., demando, en el día 11 de Agosto, 2004 desde Columbus, Ohio, E.E.U.U., en acuerdo con las leyes de Suiza, al Ministro la readquisición de las NP con instrucciones que siguieran para el pago de las NP al banco y a la cuenta de banco de Skye en Columbus, Ohio.

16. Asta el presente, ni el Ministro o la Republica han reconocido la demanda de Skye ni sus obligaciones sobre las NP y no han mandado el pago como garantes de las NP en un tiempo comercialmente razonable.

<u>Reclamación Primera - Demanda Por Pago de Notas Promisorias</u>

17. Las NP numeradas 7/12 y 8/12 representan validas y legales obligaciones monetarias de la República como garante.

18. Skye como propietario, portador y/o tenedor de las NP, con plazo vencido, ha demandado en una forma comercialmente razonable y de toda forma legalmente que el Ministro y la Republica paguen el capital y el interés debido por las NP.

19. El Ministro y la Republica no han respondido durante un tiempo comercialmente razonable y no han aceptado las obligaciones de la Republica como garante de las NP.

20. La negación del pago de las NP con plazo vencido por el Ministro y la Republica constituye un incumplimiento por parte de la Republica sobre sus obligaciones y deuda a Skye en un montón de $100,000,000.00 y intereses acumulado pendiente el pago en moneda de los E.E.U.U.

PARTE PETITORIA DE LA DEMANDA

POR LO CUAL, Skye, con respeto, demanda un fallo contra la Republica por $100,000,000.00, que es el monto de las NP, y intereses acumulado pendiente el pago, en dolares de E.E.U.U., sus gastos causados y cualquier otra forma de compensación o reparación de carácter legal o equitativo que la corte considere propio y justo.

Respectfully submitted,

CRABBE, BROWN & JAMES LLP

*Luis M. Alcalde*
LUIS M. ALCALDE (0022848)
STEVEN B. AYERS (0021778)
500 South Front Street, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 228-5511
Facsimile:   (614) 229-4559
Email: LAlcalde@cbjlawyers.com
       SAyers@cbjlawyers.com

Of Counsel:
ANDREW DOUGLAS (0000006)
500 South Front Street, Suite 1200
Columbus, Ohio 43215