IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DRFP L.L.C.                          :
d/b/a Skye Ventures,
                                     :
        Plaintiff,
                                     :
   v.                                        Case No. 2:04-cv-0793
                                     :
The Republica Bolivariana de                 JUDGE HOLSCHUH
Venezuela, et al.,                   :

        Defendants.                  :

ORDER

     This matter is before the Court to consider the parties' competing positions on the scope of discovery which should be permitted on the issue of whether the Court may exercise jurisdiction over the Republic of Venezuela, a foreign sovereign, pursuant to The Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 et seq.  The parties are fully aware of the issue, as attested to by the voluminous briefing committed to the question, and the Court will recount the pertinent facts only briefly.  For the following reasons, the Court concludes that discovery should be bifurcated, for jurisdictional purposes, between discovery necessary to evaluate whether an October, 2003 opinion of the Venezuelan Attorney General precludes additional litigation over the validity of the promissory notes in question, and discovery relating to the question of whether the notes themselves were fraudulently issued or are otherwise invalid.

     This case concerns the validity of two of a series of notes purportedly issued by a Venezuelan Bank which was taken over by the Venezuelan Government and which notes, according to

1

plaintiff, are now enforceable against that government. The parties agree that if the Venezuelan government engaged in the type of banking transactions described in the complaint, it engaged in "commercial activity" and may therefore not be in a position to claim the benefit of The Foreign Sovereign Immunities Act. Were it not for the intervening Attorney General opinion which is the subject of this order, the Court would be required to determine, before exercising its jurisdiction, whether the Venezuelan Government issued or guaranteed the notes, and thereby engaged in commercial activity.

Plaintiff, however, contends that this issue is not open to redetermination because on October 3, 2003, the Procuradoria General de la Republica de Venezuela issued an opinion finding that the notes were valid obligations of the Venezuelan government. Plaintiff contends that this opinion, by itself, resolves the jurisdictional issue before the Court, and that the only discovery necessary on the jurisdictional question is discovery about any legal or factual issues which bear on whether the Attorney General's opinion is final and binding. In response, defendants argue that this opinion was superseded by a later opinion and is invalid, or that it is invalid because it was procured by fraud. In either event, they contend that this Court should disregard the October 3, 2003 opinion, thereby reducing the jurisdictional question to the issue of whether the notes were fraudulently issued. If that were the case, the Court would be required to permit the parties to engage in complete discovery on that underlying factual question.

After considering the parties' various positions, the Court concludes that, although it may ultimately be required to determine, in the context of its jurisdictional inquiry, whether the notes were fraudulently issued, it is not a foregone conclusion that this issue will be reached. Rather, if plaintiff

is correct that the October 3, 2003 opinion is entitled to be recognized in this Court, and that it is immune from collateral attack, the jurisdictional inquiry may well end at that point. If that were so, both the Court and the parties would be spared considerable time and expense from engaging in what would appear to be far-ranging discovery concerning the initial issuance and subsequent assumption of the notes.  Thus, both the jurisdictional inquiry and discovery related to that inquiry will be bifurcated between those two issues.

In reviewing the validity and potential binding nature of the October 3, 2003 opinion, however, the Court will not limit that inquiry simply to the legal effect of the opinion without regard to how it was produced.  Defendants have asserted that the opinion itself was the product of fraud.  As plaintiff correctly points out, any such fraud must consist of fraud in the procurement of the opinion rather than fraud with respect to the underlying transaction.  It makes sense, when determining the purportedly binding nature of the opinion, also to determine whether it was fraudulently procured.  Although defendants contend that it would be wasteful and duplicative to bifurcate their fraud claims in this manner, the scope of the factual inquiry concerning how the October 3, 2003 opinion was procured is much narrower than the question of whether the notes themselves were fraudulently issued.

The parties should be given an opportunity, based upon the Court's decision to bifurcate the jurisdictional inquiry, to determine the length of the discovery period necessary and to identify any required milestone dates such as identification of experts and exchange of expert opinions.  The Court believes that 30 days should be adequate for the parties to prepare and present such a schedule.  Consequently, the parties shall submit a proposed discovery schedule within 30 days of the date of this

order.  If, prior to the due date of the discovery schedule, it appears that the parties are unable to reach agreement with respect to the dates in question, they shall contact the Court to arrange for a further conference.  The schedule should include not only dates for discovery activities but dates for the filing of responsive and reply memoranda with respect to the pending motion to dismiss and a date by which the parties believe they will be prepared to present evidence to the Court at a hearing on that motion.

The Court notes that, in addition to the motion to dismiss, two other motions have been filed.  Defendants have moved the Court to take judicial notice of certain facts and have also moved to strike one of the plaintiff's filings on the discovery issue.  The motion to strike (#23) is not well-taken and is denied.  The motion to take judicial notice (#16) is denied without prejudice at this point.  However, as the matter reaches the hearing stage, the defendants may renew their request for the Court to take judicial notice of any facts which they believe are pertinent to the first stage of the jurisdictional inquiry.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

4

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge