IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DRFP, LLC, d/b/a Skye Ventures,   :

    Plaintiff,   :

  v.   :   Case No. 2:04-cv-0793

The Republica Bolivariana de   :
Venezuela, et al.,     JUDGE HOLSCHUH
     :

    Defendants.

## ORDER

    This case is currently before the Court to determine whether to enter a further stay of proceedings based upon the defendants' decision to change attorneys.  Any further stay has been vigorously opposed by the plaintiff.  For the following reasons, however, the Court will grant a further stay of these proceedings in order to permit the defendants to retain new counsel.

    Despite the fact that the complaint in this case was filed more than two years ago, the case is still before the Court on a threshold issue of jurisdiction.  As the Court's prior orders indicate, defendants assert that they did not engage in the type of commercial activity which would bring them within the jurisdiction of the Court under the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 *et seq*.  That Act permits the Court to exercise jurisdiction over a foreign sovereign nation if the nation engaged in commercial activity which caused a direct effect in the United States.  <u>See</u> 28 U.S.C. §1605(a)(2).  It is the Court's intent to hold a hearing on the jurisdictional issue after the parties have undertaken discovery on the question of whether Venezuela did engage in such activity.

    On January 23, 2007, at a status conference held by the

Court, the Court was advised that all of the attorneys who have been representing Venezuela in this case were temporarily precluded from conducting additional proceedings on behalf of that client because Venezuela was making a determination about whether it would change counsel. They asked for a stay of the case at that time. The Court denied a formal stay because there were no scheduled occurrences in the case during the period of the requested stay (which was for twenty days), but it did recognize that further proceedings with respect to the issue might be necessary depending upon when the issue of counsel's authority would be resolved.

On February 16, 2007, Venezuela filed a formal motion to stay proceedings. The motion represented that the issue of counsel's authority to proceed was still unresolved. A "short" stay of all proceedings was requested. Plaintiff opposed that request. Subsequently, all of the attorneys for Venezuela moved for leave to withdraw, and the Court granted those motions. It also granted Venezuela the opportunity to file an additional memorandum in support of its request for a stay. That memorandum was filed on March 12, 2007, and plaintiff filed an additional reply memorandum, again opposing the stay, on March 13, 2007. The question before the Court is whether it would be a sound exercise of discretion to grant a formal stay of these proceedings for purposes of allowing Venezuela to retain new counsel and have those attorneys enter an appearance.

Any request to stay, postpone, or continue litigation is addressed to the sound discretion of the trial court. Various reasons justify a stay, and the need of a party to retain or substitute an attorney is a valid reason under certain circumstances. Thus, the Court can (and sometimes must) grant a party's request for a continuance if it is based upon the need to change counsel. See Anderson v. Sheppard, 856 F.2d 741 (6th Cir.

1988).  In deciding whether to grant or deny such a stay, the Court should take into account various factors including the diligence of the party who has requested the stay, any inconvenience it may cause to opposing parties or to the Court, and the prejudice to the requesting party if the stay is denied.  See, e.g., United States v. 2.61 Acres of Land, 791 F.2d 666 (9th Cir. 1985).

With respect to the first factor, it appears that the change in counsel for Venezuela is related to political developments within that country.  It is difficult for this Court to assess how diligent a sovereign nation ought to be when political changes within the country have forced the country to re-examine decisions previously made concerning who will represent the country's interests in foreign litigation.  Certainly, the speed within which that decision is being made is a factor relating to diligence.  Several months have elapsed already since the decision to change counsel was made, and plaintiff argues that there is no apparent obstacle to Venezuela's ability to retain new counsel within the United States and to have them enter an appearance.  While that may be true in the abstract, the Court concludes that it may be somewhat more difficult for a foreign government to accomplish that task than a domestic litigant.  Consequently, the diligence factor does not appear to weigh heavily in either direction.

There is certainly some inconvenience to the plaintiff and to the Court from a delay.  Plaintiff has been attempting for many months to take certain depositions relating to the jurisdictional issue.  In fact, it has convened those depositions pursuant to notices which were sent out and has moved for sanctions based upon the failure of the deponents to appear.  That motion is not directly addressed by this order.  The Court also will be delayed in scheduling this matter for a

jurisdictional hearing.  However, the inconvenience does not appear to go beyond a short delay in proceedings.  There is no argument that any type of irreparable harm will occur if the proceedings are delayed until Venezuela obtains new counsel.

The last issue relates to the prejudice to the moving party if the stay is not granted.  Here, if a stay is not granted, it may well be that Venezuela would be subject to sanctions including precluding it from entering evidence with respect to certain matters if the litigation is permitted to go forward while Venezuela is unrepresented.  Further, there may be some harm to Venezuela's political interests if the Court denies a stay and forces Venezuela to obtain counsel in a very brief time period.

There is one other factor which the Court believes to be relevant.  Although the Foreign Sovereign Immunities Act does represent a tipping of the balance of international comity in favor of allowing foreign governments to be sued in United States Courts for certain types of activities, including commercial activity, it is still true that even in such cases, international comity requires the Court "to afford consideration and respect to the laws and interests of foreign sovereign nations.  Sarei v. Rio Tinto PLC, 221 F.Supp.2d 1116, 1204 (C.D. Cal. 2002), aff'd in part and rev'd in part 456 F.3d 1069 (9th Cir. 2006).  In similar litigation, the State Department has urged the Court, even when exercising jurisdiction, to use "caution and due regard for foreign sovereign sensibilities...at each relevant stage of the proceedings."  Environmental Tectonics Corp. v. W.S. Kirkpatrick and Co., 847 F.2d 1052 (3rd Cir. 1988)(appendix), aff'd 493 U.S. 400 (1990).

The Court is sympathetic to the plaintiff's desire to move this litigation along expeditiously given the amount of money at stake.  At the same time, however, it is required to be sensitive

4

to the interests of a foreign sovereign and to the difficulties presented when a litigant changes counsel.  Under these circumstances, the Court concludes that a further stay of the proceedings is warranted.  However, the Court believes that Venezuela ought to be able to retain new counsel within a shorter period of time than it has requested, especially given the fact that this change of counsel has been in progress already for a substantial period of time.  Thus, the Court stays all proceedings in this case to and including May 1, 2007.  By that date, Venezuela shall cause new counsel to enter an appearance, and those counsel shall be prepared to resume activity in this litigation without undue delay.  To that extent, the motion to stay (#70) is granted.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

    /s/ Terence P. Kemp
    United States Magistrate Judge