IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DRFP L.L.C., d/b/a Skye Ventures, | : | |
| | : | Case No. 2:04-cv-0793 |
| Plaintiff, | : | Judge Holschuh |
| v. | : | |
| The Republica Bolivariana de Venezuela, et al., | : | |
| Defendants. | : | |

<u>ORDER</u>

This matter is before the Court pursuant to the March 28, 2008 Order (doc. #132) referring this case to the Magistrate Judge for a determination whether, in light of the July 12, 2007 Venezuelan Supreme Court decision, the Court should amend the discovery schedule to address preliminarily (1) the issue of <u>forum non conveniens</u> and (2) assuming, <u>arguendo</u>, that the notes in question are valid, whether this Court has subject-matter jurisdiction under 28 U.S.C. § 1605(a)(2). For the following reasons, the Court concludes that the discovery schedule should be amended accordingly. Thus, the defendants' motion to vacate will be granted to the extent outlined herein. Additionally, the motions to stay will be denied as moot.

I.

On July 16, 2007, this Court issued an Order denying the defendants' request to amend the discovery schedule to address initially the issues of <u>forum non conveniens</u> and whether, assuming the notes are valid, the Court has subject-matter jurisdiction under the "direct effect" prong of § 1605(a)(2). Unbeknownst to the Court at the time, the Supreme Court of Venezuela issued a July 12, 2007 decision on issues relating to this case. In light of the Venezuelan Supreme Court decision, the defendants filed three subsequent motions, all of which involved, to some extent, the

renewal of their request to amend the discovery schedule. (See Motion to Vacate Prior Case Management Order (doc. #118), Motion for a Stay of Magistrate Judge's Order of July 16, 2007 (doc. #119) and Defendants' Objection to the July 16, 2007 Order of the Magistrate Judge (doc. #120)). Included in the defendants filing was an objection to the Magistrate Judge's Order.

On March 28, 2008, the District Judge overruled the defendants' objection on the basis that the Magistrate Judge's Order was not clearly erroneous or contrary to law. See Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Nevertheless, the District Judge referred the case to the Magistrate Judge for a determination whether, in light of the Venezuelan Supreme Court's decision, the discovery schedule (and the overall case plan) should be amended.

II.

The Venezuelan Supreme Court's decision potentially raises significant legal and factual issues involving, inter alia, what weight, if any, should be accorded to a Venezuelan Attorney General's opinion regarding the validity of the bonds at issue. The parties have placed greatly divergent interpretations on that opinion, but defendants argue that it essentially undercuts plaintiff's claim that this Court can and should consider the October, 2003 Attorney General opinion to be binding. Even in the absence of this new Supreme Court opinion, determining the effect to be given to the Attorney General's opinion will involve a significant amount of discovery and judicial resources, some of which has already taken place pursuant to the original scheduling order. According to the defendants, more discovery on that issue, and much wrangling over the Supreme Court decision, could be avoided if, the Court amended the discovery schedule to address preliminarily two potentially dispositive issues: (1) forum non conveniens and (2) subject-matter jurisdiction under § 1605(a)(2).

2

The defendants further suggest that addressing these two threshold issues first could occur with little, if any, further discovery having to take place.

As this Court previously indicated in its denial of the defendants' original request to amend the discovery schedule, (see doc. #117), there are two potential standards to evaluate a motion for reconsideration. The first standard suggests that reconsideration should occur only in order to prevent "manifest injustice." See Cale v. Johnson, 861 F.2d 943 (6th Cir.1988); see also McWhorter v. Elsea, Inc., 2006 WL 3483964, *2 (S.D. Ohio Nov. 30, 2006)(some measure of finality should be afforded to interlocutory orders in order to "discourage the filing of endless motions for reconsideration"); Tennessee Protection & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir.2004)(citing Black's Law Dictionary 974 (7th ed.1999)("'[M]anifest injustice' defined as "[a]n error in the trial court that is direct, obvious, and observable")(internal commas omitted). The other standard is under Rule 16(b)(4), which permits the Court to modify a pretrial order upon a showing of "good cause."

The Court previously analyzed the defendants' original request to modify under the "good cause" standard because, despite its being the more lenient of the two, the defendants still failed to demonstrate "good cause." The Court opined, in relevant part:

> At this juncture, the Court has exercised its discretion appropriately in light of the parties' prior arguments. The defendants have essentially advanced no valid reasons why that was an inappropriate exercise of discretion then or why, given the extent to which that approach has now been implemented, reversing course would now be the more appropriate exercise of discretion. In short, the Court finds no good cause for modifying its prior order simply because there are other threshold issues, none of which is more fundamental than the question of whether Venezuela engaged in commercial activity, which could also be litigated.

(Order (doc. #117), July 16, 2007, p. 6).

Preliminarily, the Court notes that it is still faced with the decision of whether to review the motion to vacate and for reconsideration under the "good cause" or "manifest injustice" standard. In this instance, the Court is asked to review and reconsider a scheduling order that resulted from a series of Rule 16 conferences. It seems logical, therefore, that the more appropriate standard of review is the "good cause" standard described in Rule 16(b)(4), see, e.g., Shane v. Bunzl Distribution USA, Inc., 2008 WL 1896589 (6th Cir. April 30, 2008)(good cause not shown in request to amend complaint because amendment would amend discovery schedule), rather than the "manifest injustice" standard that is typically applied to review of motions to dismiss and for summary judgment, see, e.g., McWhorter, 2006 WL 3483964 (manifest injustice standard applied to motion for reconsideration of summary judgment order). Amending the schedule at this point will have a direct impact on further discovery.

In light of the Venezuelan Supreme Court decision, the Court concludes that the defendants have shown "good cause" to amend the discovery schedule. As the District Judge indicated, when the Court first denied the defendants' request, it was unaware of the Venezuelan Supreme Court's decision. Unlike the defendants' first request to amend the discovery schedule, the intervening Venezuelan Supreme Court case is a valid reason why amending the discovery schedule would be an appropriate exercise of discretion.

While the Court notes that discovery may have already started on the factual issues surrounding the actual validity of the notes, it is now more prudent to address preliminarily the legal threshold questions of jurisdiction, including forum non conveniens. At a minimum, the Venezuelan Supreme Court's decision raises factual and legal issues that strike at the heart of the bond-validity question. It is a better exercise of discretion, therefore, to

4

analyze the issues of <u>forum non conveniens</u> and, assuming the notes are valid, whether the Court has subject-matter jurisdiction under § 1605(a)(2), rather than to continue on the established schedule. Proceeding in the current direction, without considering the impact of the Venezuelan Supreme Court decision, could cause an unnecessary expenditure of judicial resources if the Court concludes that the threshold jurisdictional questions have merit.

### III.

Based on the foregoing, in light of the July 12, 2007 Venezuelan Supreme Court decision, the Court finds that there is good cause to amend the discovery schedule so that the Court may address preliminarily the issues of (1) <u>forum non conveniens</u> and (2) assuming the notes at issue are valid, whether this Court has subject-matter jurisdiction under the "direct-effect" prong of § 1605(a)(2).

The Court notes that while these threshold jurisdictional issues may already be fully briefed, it seems appropriate, given this decision, to provide the parties additional time to submit supplemental briefs on these issues if they desire. Any such supplemental briefs may be submitted within 30 days of this Order.

Accordingly, the defendants' motion to vacate (doc. #118) is GRANTED. The defendants' motion to stay (doc. #119) is DENIED AS MOOT.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order

found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/  Terence P. Kemp
United States Magistrate Judge