IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DRFP, LLC,                          :

    Plaintiff,                 :

  v.                              :     Case No. 2:04-cv-793

The Republica Bolivariana de        :     JUDGE HOLSCHUH
Venezuela, et al.,

    Defendants.               :

## ORDER

This matter is before the Court on the motion for leave to preserve testimony filed by Foreign Sovereign Defendants. This motion has been fully briefed. For the following reasons, the motion will be granted.

The facts of this case, currently on appeal to the Sixth Circuit, have been set out in previous orders of this Court and most recently in the Court's order of November 9, 2009, granting Foreign Sovereign Defendants motion to stay and denying the motions to intervene filed by Venospa LLC and Woodstrite Investments Limited. As a result, the factual background will not be repeated in any detail here.

Through their motion for leave, Foreign Sovereign Defendants seek to take, pursuant to Fed.R.Civ.P. 27(b), the depositions of Elbano Fontana Nieves, Pascual Puigbo Morales, and Waldemar Cordero Vale all of whom are alleged signatories on the documents at issue here. Plaintiff Skye Ventures asserts that these documents are promissory notes issued by Banco de Desarrollo Agropecuario S.A. ("BANDAGRO"). Foreign Sovereign Defendants dispute that these documents are promissory notes and contend that the alleged signatures of these witnesses are forgeries.

Rule 27(b)(1) provides that, while an appeal is pending, a court may "permit a party to depose witnesses to perpetuate their testimony in the event of further proceedings in that court." A party seeking to perpetuate testimony must move for leave and demonstrate the "name, address, and expected testimony of each deponent" and "the reasons for perpetuating the testimony." Rule 27(b)(2)(A) and (B). If, in considering the motion, "the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken" and "used as any other deposition taken in a pending district court action." Rule 27(b)(3).

As indicated, Rule 27 applies a two-part analysis. First, there must be a showing that the testimony is probative as to a key issue. As the Sixth Circuit has explained, the testimony to be perpetuated "must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." In re Bay County Middlegrounds Landfill Site, 171 F.3d 1044, 1047 (6th Cir. 1999). However, "a determination that the evidence is absolutely unique is not necessary." Id. Further, a risk of permanent loss of the desired testimony must be demonstrated. Penn Mutual Life Ins. Co v. U.S., 68 F.3d 1371 (1374-75 (D.C. Cir. 1995). A witness' age or health concerns are frequently accepted grounds for concluding that a perpetuation of testimony is necessary. Id.; see also Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967); In re Amenia, 200 F.R.D. 200, 202-03 (S.D.N.Y. 2001). Finally, Rule 27 requires that the expected testimony be set forth in some detail because a preservation deposition may not be used as a substitute for discovery. See In re Ramirez, 241 F.R.D. 595 (W.D. Tex. 2006)(citing Ash v. Cort, 512 F.2d 909 (3d Cir. 1975); In re Ford, 170 F.R.D. 504 (M.D. Ala. 1997); 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, §2071).

In their motion, Foreign Sovereign Defendants set forth in detail the expected testimony of each witness. Essentially each witness will testify regarding his connection to BANDAGRO, his lack of authority to bind BANDARGO and that his signature is a forgery. Further, Foreign Sovereign Defendants will obtain from each witness, and authenticate through testimony, his signature "for purposes of analysis in any subsequent litigation." See Motion at p.5.

Additionally, Foreign Sovereign Defendants claim that the reason for perpetuating the testimony is that a serious risk exists that the testimony will be lost based on each witness' age and infirmity. With respect to Mr. Fontana, Foreign Sovereign Defendants assert that he is 75 years old, suffers from diabetes, has mobility issues that require a wheelchair, and would be required to testify from his home. Mr. Puigbo, according to Foreign Sovereign Defendants, is 87 years old and has a number of health issues including a chronic respiratory illness and hypertension. Finally, Foreign Sovereign Defendants explain that Mr. Cordero is 82 years old.

Skye Ventures opposes the motion for two reasons. First, it claims that Foreign Sovereign Defendants have not provided objective proof that a "failure of justice" will occur if the testimony is not taken now. Further, it argues that the request to perpetuate testimony is simply an effort to avoid the procedure established by the Court. With respect to its first position, Skye Ventures argues that the witness' advanced ages and alleged infirmities are not so significant as to require the perpetuation of their testimony. As to its second point, Skye Ventures argues that Foreign Sovereign Defendants' intention in seeking to preserve testimony is actually to litigate the validity of the notes while preventing Skye Ventures from conducting discovery.

Alternatively, Skye Ventures contends that, if the Court grants the motion for leave, certain conditions must attach. First, Foreign Sovereign Defendants must provide discovery which could allow Skye Ventures to refute the witnesses' testimony or challenge their credibility. Skye Ventures has set forth a partial listing of the documents it believes it is entitled to review prior to the depositions. This partial list contains nine document sets which contain several years' worth of records some of which date back to 1975.

Skye Ventures argues also that, due to safety concerns, the depositions should not take place in Venezuela. The remaining conditions asserted by Skye Ventures relating to the proposed deposition dates and the motions to intervene are now moot.

The Court finds that Foreign Sovereign Defendants have met their burden under Rule 27. With respect to the probative value of the testimony sought, Skye Ventures does not dispute that it would be highly relevant to the issues in this case. Further, given the advanced ages of all three witnesses and the significant health concerns of two of them, there is much more than a slight risk that the failure to preserve their testimony now could result in the loss of evidence. Certainly, given the undisputed relevance of this testimony, it is conceivable that its loss could result in precisely the type of "failure of justice" the rule is designed to prevent. Skye Ventures' arguments to the contrary are not persuasive. Consequently, the motion for leave to preserve testimony will be granted.

In granting the motion for leave, the Court finds equally unpersuasive Skye Ventures' arguments that certain conditions must attach. First, there is no support for the argument that it is entitled to discovery prior to these depositions being taken. Rule 27 does not contemplate such discovery and Skye Ventures has not directed the Court to any authority suggesting otherwise.

Further, the safety concerns raised by Skye Ventures are simply not enough to convince the Court that it should require the depositions to be taken outside of Venezuela. As noted by Foreign Sovereign Defendants, if counsel is concerned about safety, accommodations such as telephone participation can be made.

Based on the foregoing, the motion for leave to preserve testimony (#185) is granted. Foreign Sovereign Defendants may conduct the depositions at a time mutually acceptable to all parties. The Court specifically rules, however, that should the stay of this case be vacated and should regular discovery commence, Skye Ventures would be entitled to depose these witnesses a second time without seeking leave of Court.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge