IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DRFP, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:04-cv-793 |
| The Republica Bolivariana de Venezuela, et al., | : | JUDGE EDMUND A. SARGUS, JR. Magistrate Judge Kemp |
| Defendants. | : | |

## OPINION AND ORDER

This case is before the Court following a remand from the Court of Appeals, which affirmed in part and reversed in part an order issued by the predecessor District Judge and which directed the Court further to consider the defendants' motion to dismiss on *forum non conveniens* grounds. The Court has issued a separate order allowing for additional briefing on that motion. The purpose of this order is to resolve other motions which were held in abeyance pending appeal.

I.

The first of the pending motions can be resolved fairly quickly. As earlier orders of this Court, and the decision of the Court of Appeals, note, this case involves plaintiff's efforts to redeem certain promissory notes allegedly issued by a Venezuelan bank and guaranteed by the government of Venezuela. Venezuela has consistently maintained that these notes, and other similar notes, were fraudulently issued and that it is not obliged to pay them. Prior to the appeal (which was permitted because one of the issued ruled on by the Court was a motion to dismiss on grounds of foreign sovereign immunity), a holder of similar notes, Woodsrite Investment Limited, filed a document entitled "Notice of Claim" in which it purports to put the parties and the Court on notice that it claims a 25.11% interest in any funds payed by Venezuela or received by plaintiff on account of two the notes involved in this case. Woodsrite had previously moved

for leave to intervene in this action to assert that interest, but that motion was denied. *See* ECF No. 198.

In response to that notice, Venezuela filed a motion to strike. It asserts that because Woodsrite was not allowed to intervene, it has no standing to file any documents in this case, and that the document it filed is not one authorized by the Rules of Civil Procedure. Woodsrite's counsel were served with a copy of the motion, and Woodsrite filed a memorandum in opposition. In that memorandum, it argues that it has a right to file a notice of its interest in the property that is subject to suit (an interest which, it asserts, both plaintiff and Venezuela have previously recognized) and that filing the notice is important to preserve its claim. In reply, Venezuela asserts that the Court's docket is "not a community bulletin board" and that Woodsrite has not cited to any authority which would allow it to file a "notice" in a case to which it is not a party.

Generally, the filing of papers in a civil action is governed by the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States District Courts ..."). Venezuela is correct that no specific rule contemplates or authorizes the filing of a "Notice of Claim." However, the Rules do not say in so many words that nothing can be filed in a civil action other than the documents specifically described in those Rules, and the Court often permits parties to file documents whose titles cannot be found in the Rules of Civil Procedure. Nevertheless, the Rules, and the Court's inherent authority to permit filings in a civil action, have boundaries, and the question here is whether Woodsrite's filing exceeds those boundaries.

Not surprisingly, there is little precedent which deals with the issue of when a non-party may properly file some document with the Court - perhaps because, for the most part, non-parties understand that they do not have blanket permission to file papers in cases in which they are not involved, and seldom have any reason to attempt to do so. Most of the cases cited by Venezuela deal with situations where a party has made an unauthorized filing in contravention of some rule that specifically limits the papers that the parties may file (such as this Court's Local Civil Rule 7.1, which deals with memoranda to be filed in support of or in opposition to motions). But it is clear that some courts have dealt with non-party, unauthorized filings by striking them. *See, e.g.,*

*Dixon v. Williams*, 2010 WL 3724884, *1 (D. Nev. Sept. 17, 2010)(ordering certain non-party documents "stricken from the record as inappropriate and unauthorized filings"); *In re San Juan Dupont Plaza Hotel Fire Litigation*, 1989 WL 168401 (D. P.R. December 2, 1988)(making reference to a prior order striking a motion for summary judgment filed by a non-party). The question is not so much whether the Court can strike such filings - clearly, that it is within its discretion to do so - but what type of general principle governs the decision either to strike or allow filings by non-parties.

Certainly, there should be some presumption that, absent a specific reason to permit it, filings by non-parties have no place in litigation and ought not to be made. It is not unreasonable to place the burden on the non-party to show why its filing is proper or serves some proper purpose that cannot legitimately be accomplished apart from the unusual step of filing a document in a case to which it is not a party. Woodsrite has not really attempted to make such a showing other than its unsupported assertion that if it does not give the parties to this case formal notice, through a filed document, of its claim, its ability to recover on that claim may somehow be compromised. The Court does not believe this argument rises to the level necessary to permit an otherwise improper filing.

It would not seem proper to allow any potential claimant to proceeds of a civil action to file a notice in that case asserting an interest. If a non-party has a judgment against a debtor and that debtor, in turn, has a claim for money which has been asserted in a civil action, the non-party may avail itself of remedies such as a creditor's bill. *See generally* Ohio Rev. Code §2333.01. There are surely other ways in which to place either the co-owner of property, or a potential payor, of the existence of a claim on proceeds of the litigation. In the event that plaintiff does recover a judgment here, Woodsrite can always seek to intervene at that time to protect its interest in payment - an interest which does not now exist, but one which would perhaps not be adequately represented by existing parties, especially if plaintiff chooses not to make the payment to which Woodsrite claims an entitlement. Woodsrite can give, and apparently has already given, notice to Venezuela that it is making a claim on these notes, so that Venezuela may well be reluctant to pay the full proceeds to plaintiff, should it prove an entitlement to payment, for fear of incurring multiple liability. Or the parties may all agree on the appropriate disposition of

any payment. All of these possibilities illustrate that the formal filing of a document in this case is neither needed to notify plaintiff and Venezuela of Woodsrite's position, nor is that filing likely to have any legal effect. Thus, there is no valid reason for its filing, and the Court will grant the motion to strike.

II.

The second unresolved matter relates to three depositions that were taken by the parties in order to preserve testimony of certain witnesses pending the outcome of the appeal. As prior orders of this Court indicate, two other non-parties to this case, Venospa, LLC, and Latin-Consult, S.A., both of whom also have claims against Venezuela based on notes similar to the ones at issue in this case, wanted to attend the depositions and to ask certain questions, given that the depositions were arguably relevant to their claims and that Venezuela had reserved the right to use the testimony given at those depositions against Venospa and Latin-Consult should that use be allowed under some applicable rule of evidence. The Court, through the Magistrate Judge, and over strenuous objection from Venezuela, permitted them to do so. Venezuela has now asked the Court to enter an order which would preclude Venospa and Latin-Consult from making any use (at least in this Court) of the deposition testimony which their questions produced, arguing that the prior order allowing those entities to ask questions at a deposition taken in a case in which they are not parties was unlawful. Venospa and Latin-Consult, in their response to that motion, assert that Venezuela, by asking the witnesses questions about not just the notes owned by plaintiff and which are the subject of this action, but also questions about the notes owned by Venospa and Latin-Consult, essentially invited questions about those notes - something it did not need to do if the only purpose for taking the depositions was to preserve testimony in this case - and it cannot now be heard to complain if Venospa and Latin-Consult wish to use other testimony from the same depositions should Venezuela attempt to make use of the testimony it elicited.

The first question which must be addressed, before the Court turns to the merits of this dispute, is whether a ruling on the potential admissibility of any testimony given in response to questions asked by counsel for Venospa and Latin-Consult would be premature. There is, as yet, no case pending in this district in which the validity of the notes held by Venospa and Latin-

Consult is at issue, and Venezuela takes the position that neither this Court nor any other Court of the United States would have subject-matter jurisdiction over an action by those entities against Venezuela, were such an action ever to be filed. *See* Venezuela's Objections to the February 21, 2010 Order of the Magistrate Judge (Doc. No. 220), at 6. Thus, Venezuela is asking, in effect, for a preliminary ruling that if Venospa or Latin-Consult ever filed an action in this Court, if that action survives a motion to dismiss for lack of subject-matter jurisdiction, and if Venospa and Latin-Consult then ask to use the deposition testimony in that case for some reason, they would not be permitted to do so.

Despite the presence of these contingencies which might well never occur (and, if they do not, the fact that a ruling on this issue would have absolutely no effect upon any future litigation), Venezuela advances several reasons why the Court should still rule on its motion. Those reasons include (1) the non-parties insistence on input into the finalization of the transcripts; (2) the fact that those entities objected to the limitations placed upon the scope of their questioning by the Magistrate Judge's order; (3) the possibility that Venospa and Latin-Consult will use the order allowing them to participate in the depositions to bolster their status as "claimants" (even though this Court denied them leave to intervene as parties); (4) those entities' ability to take advantage of the discovery they obtained in an allegedly unlawful manner; and (5) the fact that this is an issue which is "capable of repetition, yet evading review." The Court is not persuaded by any of these arguments that it either can or should issue what would amount to an advisory opinion about the potential use of this evidence.

It should be noted that there are actually two aspects to the argument that the issue surrounding Venospa's and Latin Consult's participation in the depositions is not in an appropriate posture for judicial resolution. To the extent that Venezuela continues to object to the order allowing their participation, even though the depositions are now complete, there is a question of mootness. To the extent that Venezuela asks for an order precluding the use of the testimony in any subsequent proceeding which might be filed in this Court, the question is more akin to a ripeness inquiry - that is, that the ruling would be premature. Venezuela's arguments in favor of obtaining a judicial ruling address both issues, and the Court will treat them separately.

The fifth reason advanced by Venezuela as to why the Court should rule on the issue of

5

the right on non-parties to participate in a deposition - that it is a question "capable of repetition, yet evading review" - is not applicable here. That rationale applies to issues which are, by their very nature, so short-lived that there will never be time for a judicial ruling to be made. *See, e.g,, Gerstein v. Pugh*, 420 U.S. 103, 111 n. 11 (1975). Although there were time pressures in this case which made it difficult for plenary review of the Magistrate Judge's order to occur before the depositions went forward, it is by no means certain that such pressures will exist the next time - should it ever occur - that a non-party asks fore permission to participate in a deposition taken for the perpetuation of evidence. Further, now that one ruling has been made on the issue, judicial review will be speedier should the matter arise again. *See DeFunis v. Odegaard*, 416 U.S. 312, 319 (1974) (once a lower court has spoken on the issue, "there is no reason to suppose that a subsequent case attacking those procedures will not come with relative speed to this Court"). Thus, the specific issue of whether the non-parties should have been allowed to take part in the depositions is moot.

Cases can be saved from mootness, however, if the original order complained of continues to have collateral consequences for one of the litigants. *See, e.g., Sibron v. New York*, 392 U.S. 40 (1968). Venezuela's other arguments suggest that the order allowing Venospa and Latin-Consult to participate at the depositions may well have collateral consequences, in the sense that additional issues concerning the status of those parties, their input into the final deposition transcripts, and their use of the evidence, persist even after the question of whether they would be allowed to participate in the depositions became moot. It appears to the Court, however, that the issue of those entities' input into a final transcript has long since been resolved; if not, that is a discrete issue the Court can address once it learns if either entity requested any changes to the transcripts which were not approved by the parties to the case, and if some controversy has been created as a result. The Court is also skeptical of the argument that either Venospa or Latin-Consult could somehow use the limited order allowing them to participate in a modest way in these depositions as a springboard to "party" or "claimant" status; again, should that happen, the Court can resolve the issue at that time. Neither of these entities has requested any rulings on objections made at the depostions, so, again, that is not a current issue for resolution. That leaves only the question of whether the possibility of their use of the testimony

in some yet-to-be-filed lawsuit is an issue which can and ought to be determined now.

The primary question about this issue is whether it is ripe for review. Ordinarily, the question of ripeness involves a two-part inquiry which requires the Court to consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967). Neither of these factors favors a decision at this point. Although the question of whether evidence can be used in a judicial proceeding is the type of issue which courts ordinarily decide, in this case, it is unclear exactly how the issue might arise. If Venospa or Latin-Consult were to prepare a complaint using that information, would Venezuela argue that the complaint should be stricken? If they sought to use the evidence to support or oppose a motion, would that be the kind of use which Venezuela seeks to prohibit - and how would the fact that Venezuela was represented at the depositions factor into that decision? If they sought to introduce the evidence at trial, what would the basis for exclusion be? All of these scenarios would involve taking into account what other evidence might exist, the sources of that evidence, and how, if at all, Venezuela might be prejudiced - and none of them may ever occur. It is not usually the business of the Courts to issue rulings that are purely advisory in nature and which address hypothetical situations which might never come to pass. *See United Public Workers v. Mitchell*, 330 U.S. 75, 89 (1947)("the federal courts established pursuant to Article III of the Constitution do not render advisory opinions"). That is the situation here. Further, Venezuela has not argued that withholding a decision at this point creates some type of hardship on it which cannot adequately be addressed by a later resolution of the issue, should any of the consequences Venezuela seems to fear actually come to pass. Therefore, the question is simply not ripe for resolution.

Venezuela, anticipating that there might be these types of an impediment to resolution of the issues it presents, has asked the Court, should it find any issue addressed in the Magistrate Judge's order to be moot, to vacate that order. As authority, it cites to *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), which held that " [t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." As the Supreme Court noted, *id.* at 40, "t]hat

7

procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." The Court believes that such a result is appropriate here, even though the order at issue is not a final judgment, because it may have some (albeit very limited) precedential value but, at the same time, it has not been subject to review by a District Judge even though objections were properly filed. By vacating the order the Court does not express any view on the merits of the underlying controversy, but simply recognizes that the issue became moot prior to review and that any subsequent court which might rely on the order should be made aware of that fact.

### III.

For all of the reasons set forth above, the Court **GRANTS** Venezuela's motion (ECF No. 207) to strike the Notice of Claim filed by non-party Woodsrite Investments Limited, and that notice (ECF No. 203) is **ORDERED STRICKEN**. The Court **DENIES** Venezuela's motion to exclude (ECF No. 221), but it **VACATES** the Order of February 21, 2010 (ECF No. 219) on grounds that the issue addressed in that order is now moot.

**IT IS SO ORDERED.**

\_\_3-22-2012_____  
**DATE**                                    **EDMUND A. SARGUS, JR.**  
                                           **UNITED STATES DISTRICT JUDGE**

8