```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

DRFP, LLC,                            :

      Plaintiff,                 :

  v.                                  :       Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                    :       JUDGE EDMUND A. SARGUS, JR.
                                                                Magistrate Judge Kemp

      Defendants.                :

OPINION AND ORDER

     This is an action to collect on promissory notes. The Court will not repeat, in this Opinion and Order, all of the extensive factual and procedural background of the case. This Opinion and Order addresses a motion filed by Defendants ("Venezuela") to compel discovery of payments for the notes and agreements and communications about the notes. For the following reasons, the motion (Doc. 372) will be granted in part.

I. Background

     Skye purchased the notes in question from an entity known as Gruppo Triad. It has produced, in discovery, the original purchase agreement, executed in 2004, and an amendment to that agreement which was executed in 2010. The amendment refers to thirteen additional agreements about the notes or their purchase. Skye has apparently produced three of them. The parties also appear to agree that Skye has a number of "investors" who helped to finance its purchase of the notes. Venezuela wishes to learn, through discovery, what Skye, Gruppo Triad, or any predecessor actually paid in consideration for the notes; what the various amendments to the purchase agreement say; and what Skye and its investors have talked about. Skye claims that all of these

matters are irrelevant to the fundamental issues in this case, which are (1) are the notes valid? and (2) is Skye a holder in due course?  It also argues, both in its responsive brief and in a motion for a protective order (which is, for all intents and purposes, a surreply brief) that if the Court does allow discovery about communications with its investors, their names should not be disclosed.

## II. Relevance

The concept of what is relevant for discovery purposes does not require much discussion.  Anything which is relevant to a party's claim or defense is discoverable so long as it is not privileged.  Fed.R.Civ.P. 26(b)(1).  The results of this discovery need not be admissible in evidence.  The Court may refuse to compel discovery of otherwise discoverable information for any number of reasons, including the proportionality concept described in Fed.R.Civ.P. 26(b)(2)(C), and it can restrict or limit the use of information provided during discovery as provided in Rule 26(c).  The key issue here, however, is relevance.

Skye has correctly identified the two major questions raised by its attempt to collect on the notes - their validity, and its "holder in due course" status.  It does not seem extremely likely that any of the information which Venezuela seeks from Skye touches directly on the first of these issues, since Skye's principals or investors were presumably not involved in the 1981 issuance of the notes (if, indeed, they were issued at all), and the Court does not understand Venezuela to be claiming that Skye or its investors were complicit in any alleged forgery of the notes themselves.  But, according to Venezuela, all of this information relates to the second question, which is what Skye knew or should have reasonably suspected when it acquired the notes from Gruppo Triad.

Under Ohio law, a holder in due course is one who has acquired a negotiable instrument (which does not appear on its face to have been forged or altered) for value, in good faith, without notice that it is overdue or has been dishonored, without notice that signatures on the instrument are unauthorized or have been altered, and without notice of certain claims or defenses against payment.  Ohio Rev. Code §1303.32.  Skye acknowledges that in order to prove holder in due course status, it must have acquired the notes for value.  It points out in its responsive memorandum that the purchase agreement contemplated payment, and that Venezuela has admitted in its answer that Skye paid roughly $500,000.00 for the notes (which have a face value of $100 million).  It also has apparently told Venezuela that it is willing to state exactly what it did pay, and that there should be no need for any document discovery about that fact.

To the Court, this argument appears to an assertion that Venezuela (and, ultimately, the Court) should simply take Skye's word for what was paid for the notes.  However, discovery does not work that way.  "[D]iscovery exists to allow the parties to explore fully the claims and defenses in the case."  Stern v. O'Quinn, 253 F.R.D. 663, 672 (S.D. Fla. 2008).  Skye seems to have no reluctance in disclosing that it paid value for the notes, or even representing how much it paid.  Documentary evidence confirming its statements is relevant and discoverable (as is any evidence Skye might have, or control, about prior acquisitions of the notes, including how much was originally (allegedly) paid to Venezuela when they were issued).

Much the same reasoning supports Venezuela's claim for agreements concerning Skye's acquisition of the notes.  Again, Skye has produced both the original purchase agreement and an amendment to it, as well as some other agreements it made with Gruppo Triad about the notes.  Skye's relationship with Gruppo

Triad is clearly relevant to its holder in due course status, and the entirety of that contractual relationship - not just the portions of it which Skye has chosen to disclose - should be disclosed.  It may be that the additional agreements add nothing to the structure of Skye's relationship to Gruppo Triad beyond that which is already known, but the only way to confirm that, and to permit Venezuela to make arguments about holder in due course status based on the entirety of the relationship, is to allow it to review these other agreements.

The final issue relates to communications between Skye and its various investors.  Skye makes a number of arguments about why these documents are not discoverable.  Some of them are dealt with easily.  Although Skye claims that its communications with its investors about this litigation contain work product, it has not produced a log of such documents.  If it had actually withheld documents on this basis, a log was mandatory.  Fed.R.Civ.P. 26(b)(5).  It also argues that it should not have to disclose the identities of its investors because it promised them confidentiality.  But such private agreements do not bind the Court; "purportedly 'confidential' documents are not immune from discovery."  <u>Adelman v. Boy Scouts of America</u>, 276 F.R.D. 681, 692 (S.D. Fla. 2011).  The real issue with respect to these communications is, again, relevance.

Undoubtedly, the possibility exists that in various communications between Skye and its investors, information was conveyed which is relevant to the various components of the holder in due course inquiry, including what Skye knew about the notes when it acquired them, and even how and when Skye made its payment or payments.  However, the specific request at issue here (No. 37) asks for communications with investors "regarding the potential benefits to be derived from this action."  It is not clear to the Court, and Venezuela does not adequately explain,

the relationship between that subject and the various holder in due course factors. If Skye and its investors communicated about the value paid to Gruppo Triad, potential defenses to the notes, or other such matters, those communications - assuming that they were not either contained in attorney-client communications or in documents shielded from discovery by the work product doctrine or some other privilege - would be both relevant and discoverable, and the names of the investors to whom such information was communicated would be fair game for discovery (although Skye might make a claim for some level of confidentiality, which would be subject to further testing by the Court based on a more complete factual record than the current one). On the other hand, communications about the potential benefits to be derived from litigating the case against Venezuela might have nothing to do with the holder in due course elements. As written, therefore, the document request is not sufficiently narrow to justify an order compelling production of all of these documents. However, Skye should, in response, review the communications at issue - which it has not contended would be overly burdensome - produce the ones which bear a relationship to the holder in due course issues (or any which might touch on the original issuance of the notes or any fraud involved in that process, if Skye talked to its investors about that in a non-privileged way), and log any relevant communications which it decides to withhold. That should occur within fourteen days. Given the time frame for discovery, if the volume of withheld documents is relatively small, the Court would consider a request for an *in camera* review.

### III. Conclusion

For these reasons, Venezuela's motion to compel (Doc. 372) is granted in part as set forth above. Skye shall produce the documents relating to payment, the other agreements, and any

relevant communications with investors within fourteen days.  Any necessary privilege logs shall also be produced within that time frame.  Skye's motion for a protective order (Doc. 390) is denied.  However, the Court expresses no view on whether, should Skye produce any communications with its investors, it may properly request some level of protection for their identities under the existing protective order.

          IV.   <u>Procedure on Motion for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


                                        <u>/s/ Terence P. Kemp</u>
                                        United States Magistrate Judge