IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DRFP, LLC,                              :

    Plaintiff,                       :

  v.                                    :       Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                      :       JUDGE EDMUND A. SARGUS, JR.
                                                     Magistrate Judge Kemp
    Defendants.                      :

OPINION AND ORDER

    This is an action to collect on promissory notes. The Court will not repeat, in this Opinion and Order, all of the extensive factual and procedural background of the case. This Opinion and Order addresses a motion filed by Defendants ("Venezuela") seeking a ruling that Plaintiff (Skye) has control over documents in the possession of the entity from which it purchased the notes, Gruppo Triad, and is thus required to produce those documents in response to a Rule 34 request. For the following reasons, Venezuela's motion (Doc. 362) will be granted.

I. Background

    Skye purchased the notes in question from an entity known as Gruppo Triad. It has produced, in discovery, the original purchase agreement, executed in 2004, and an amendment to that agreement which was executed in 2010. Both have been filed with the Court.

    As Venezuela points out, the original purchase agreement contained a "cooperation clause" which obligated Gruppo Triad to provide Skye with any documents Skye asked for as it pursued payment on the notes. The exact language of this clause, which Venezuela quotes in its supporting memorandum, is that "Gruppo

will cooperate with Skye, and will provide Skye will [sic] all needed documents, reports, interviews, other materials or witnesses in Gruppo's possession, influence or control as are requested by Skye." See Doc. 362, Exh. 1, ¶1.3.

The agreement was amended in 2010.  Skye, in its opposing memorandum, cites to the amended agreement as having modified or eliminated this duty to cooperate.  This agreement (Exh. 2 to Doc. 365, filed under seal) contains the following provisions which either Skye or Venezuela claims to be pertinent to the issue.  First, the amended agreement recites that it was intended to "amend, supersede and clarify certain aspects of" the 2004 purchase agreement and three other agreements, as well as to create an amended escrow agreement. (Recitals, ¶F).  Second, Gruppo Triad reaffirmed the "authenticity and validity" of the prior agreement.  (¶5).  Third, the amended agreement "only amends and supersedes the Prior Agreements to the extent of the issues explicitly addressed in this Agreement and only to the extent that this Agreement creates greater or superior rights for Skye ... than those set forth in the Prior Agreements ....  Skye shall not forfeit any rights or create any lesser or inferior rights or positions by executing this Agreement."  (¶9).

## II. Discussion

The Court does not see the need for an extended discussion of the legal issues raised by Venezuela's motion.  Venezuela has correctly identified the controlling legal standard, which this Court set forth recently in Libertarian Party of Ohio v. Husted, 2014 WL 3928293, *1 (S.D. Ohio Aug. 12, 2014):

> Fed.R.Civ.P. 34(a) allows a party to ask for, and requires a party to produce for inspection and copying, documents within the responding party's "possession, custody, or control." The general principles about when, for Rule 34 purposes, a client has "control" of documents in the possession of a non-party are fairly straightforward. "Control" is defined as "the legal

>right or ability to obtain the documents from another source upon demand...." Mercy Catholic Medical Center v. Thompson, 380 F.3d 142, 160 (3d Cir.2004). Neither physical possession nor legal ownership of the documents is required; "[c]ourts have also 'interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement.' " In re NASDAQ Market-Makers Antitrust Litigation, 169 F.R.D. 493, 530 (S.D.N.Y.1996), quoting Golden Trade S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y.1992) (although one court has observed that "the 'practical ability' to demand production must be accompanied by a similar ability to enforce compliance with that demand," see Klesch & Co. Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 520 (D.Colo.2003)). Further, "[t]he term control in the context of discovery is to be broadly construed." New York ex rel. Boardman v. National R.R. Passenger Corp., 233 F.R.D. 259, 268 (N.D.N.Y.2006).

The language in ¶1.3 of the 2004 agreement, read straightforwardly, gives Skye the legal right to request documents from Gruppo Triad, and imposes a corresponding legal duty on Gruppo Triad to produce them.  Skye makes two arguments in support of its position that the issue is not as simple as it seems.  First, it notes that this "cooperation clause" is not contained in Article IV of the agreement, which is captioned "Protections, Terms, Representations and Conditions" but in Article I, which is entitled "Purchase."  This, says Skye, shows that its right to request documents from Gruppo Triad was limited to documents needed to "ensure its particular notes were not encumbered and, if litigation became necessary, to access Gruppo's documents so Skye could prepare for a lawsuit."  See Doc. 370, at 6.  Second, Skye contends that it "is telling that when ... Skye and Gruppo Triad entered into an amended agreement the parties eliminated Gruppo Triad's contractual obligation to provide Skye with documents ... upon Skye's request."  Id.
    Neither of these arguments is persuasive.  The language in

¶1.3 is clear, and its plain meaning does not restrict Skye's right to obtain documents in any way, or to any part of the process.  The logical reading of the clause, even giving effect to the heading under which it appears, is that part of what Skye purchased along with the notes was the right to get from Gruppo Triad any documents needed to pursue litigation to enforce them - litigation which was clearly contemplated by the agreement ("Skye will be responsible for all legal fees and legal expenses necessary to prosecute action," ¶2.3).  Skye's own memorandum, quoted above, refers to the clause as creating a right to access Gruppo Triad's documents for the purposes of preparing a lawsuit.  It is simply not reasonable to read the language as evidencing an intent on the parties' part to terminate that right once the lawsuit was "prepared," leaving Skye in the curious and untenable position of relying on documents to prepare its case that it would then be unable to use in prosecuting it.

The argument about the effect of the amendment fares no better.  As Venezuela points out in reply, the amendment does not purport to supersede every provision of the prior agreement, and in particular it preserves all of Skye's rights in the prior agreement against being diminished by any terms in the amended agreement.  There is no language which replaces or modifies the cooperation clause.  The fact that such a clause is not included in the amended agreement is therefore irrelevant.  The clause, and Skye's rights under it, survived and is still in effect.

Venezuela makes a number of additional arguments about why Skye is obligated to produce documents which may be in the possession of Gruppo Triad.  It is not necessary to reach those arguments in light of the Court's conclusion that Skye has control over those documents pursuant to the terms of the 2004 agreement.

### III.  <u>Conclusion</u>

For these reasons, Venezuela's motion for an order that Skye is required to produce documents in the control of Gruppo Triad (Doc. 362) is granted. Skye shall produce such documents, to the extent that they are covered by a document request served by Venezuela to which Skye has not previously lodged an objection and are not otherwise exempt from discovery, within fourteen days of the date of this order.

                IV.   <u>Procedure on Motion for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge