```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

DRFP, LLC,                            :

       Plaintiff,                 :

  v.                                  :        Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                    :        JUDGE EDMUND A. SARGUS, JR.
                                               Magistrate Judge Kemp
       Defendants.                :


<u>ORDER</u>

Many non-party subpoenas have been served in this case. Many of the recipients of such subpoenas have filed motions raising issues about how the subpoenas have been issued or how the discovery requested by those subpoenas has been conducted. This order deals with a subpoena issued to non-party David S. DiBenedetto. The facts are taken from the parties' filings with respect to the subpoena.

## I. <u>The Facts</u>

Venezuela served Mr. DiBenedetto with a documents subpoena on February 10, 2015. It directed him to produce documents at the Columbus, Ohio office of Calfee, Halter & Griswold, LLP by February 24, 2015, and listed the documents to be produced. It was served on Mr. DiBenedetto at 26697 Brookpark Road Ext., North Olmsted, Ohio. North Olmsted is in Cuyahoga County and is somewhere between 115-130 miles from Columbus, depending on how the distance is calculated. On February 27, 2015, Mr. DiBenedetto filed a motion to quash the subpoena, arguing that it required compliance at a place more than 100 miles from his place of residence and that 14 days was not enough time for him to comply.

He also objected to producing any privileged material.

According to Venezuela's response, Mr. DiBenedetto asked for and received an extension up to March 3, 2015 to respond, and also requested that he be permitted to produce the documents in Cleveland instead of Columbus. Venezuela agreed to both requests. It asserts, in its response, that this agreement eliminated any objections to the subpoena, and it asks the Court to compel him to produce the documents. Alternatively, it argues that the subpoena was proper in the first instance because Mr. DiBenedetto regularly conducts business in Columbus. Mr. DiBenedetto disputes that statement in his reply and also asks that the subpoena be narrowed and that Venezuela pay him for the costs involved in responding.

Because it had asked, in its response to the motion to quash, for affirmative relief, Venezuela filed a reply memorandum on that issue. With exhibits, the reply totals 270 pages. The reply includes an affidavit from Venezuela's attorney, Albert J. Lucas, recounting a February 27, 2015 telephone conversation in which he told Mr. DiBenedetto that he could have until March 3, 2015 to produce documents and that they could be produced in Cleveland. (Doc. 535, Ex. 19). Mr. DiBenedetto has made the last filing on this issue, again arguing against the initial validity of the subpoena and also asking for Rule 11 sanctions. This latter request is not procedurally proper and will not be discussed further in this order.

## II. Discussion

The key question here is a procedural one, and it has multiple parts. First, was the subpoena defective when it was served originally? Second, if it was, did Venezuela's agreement to change the place of production from Columbus to Cleveland cure any defect and render the subpoena enforceable? Third, if not, what discretion does the Court have to modify the subpoena, and

should it exercise that discretion in this case?

The Court's analysis begins with the language of Rule 45, which applies to all non-party subpoenas. As it relates to subpoenas issued for documents to be produced as part of the discovery process, Rule 45, in subsection (c)(2), provides as follows: "(2) For Other Discovery. A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person;..." Rule 45(d)(3)(A) addresses the consequences of serving a subpoena which does not respect this geographical limitation, stating that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: ... (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);..."

Venezuela does not argue that Mr. DiBenedetto's motion to quash was not timely. Under the literal terms of Rule 45(d)(3)(A)(ii), the Court "must" provide some type of relief if the subpoena calls for compliance at a place outside the specified geographical limits. Before getting to the issue of what that relief may consist of, however, the Court must address Venezuela's argument that the subpoena did not violate those geographical limits because Mr. DiBenedetto regularly transacts business within 100 miles of Columbus.

Mr. DiBenedetto strongly disputes that contention, noting that he lives and does business in Cuyahoga County (he is a builder), and that he made only one trip to Columbus in connection with the notes at issue in this case (the background of which is fully set out in other orders of the Court and will not be repeated here). Venezuela claims, however, that the evidence shows he made three trips. Whichever of these is true, three trips to Columbus in the course of one year for a matter

which is unrelated to Mr. DiBenedetto's primary business does not constitute "regularly" doing business. See Dietz v. Spangenberg, 2014 WL 537753, *4 (D. Minn. Feb. 11, 2014), which notes that:

> Courts examine the frequency and duration of a person's business trips over a given period of time to determine whether the visits are sufficient to qualify as regularly transacting business. Compare Bostian v. Suhor Indus., Inc., No. 07-151, 2007 WL 3005177, at *1 (N.D. Okla.2007) (twice yearly visits insufficient); Nissan Fire & Marine Ins. Co., Ltd. v. Fortress Re, Inc., No. M8-85, 2002 WL 1780084, at *3 (S.D.N.Y. Aug. 14, 2002) (four times in five years insufficient); Regents of the Univ. of Cal. v. Kohne, 166 F.R.D. 463, 465 (S.D. Cal.1996) (ten times in seven years insufficient); with Halliburton Energy Servs., Inc. v. M-I, LLC, No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006) (four times per year, staying ten days per trip, for a ten-year period sufficient).

Venezuela's contrary argument (see Doc. 504, at 7) is that - "DiBenedetto's entanglements with the purported notes now held by Skye in Columbus and his continued pursuit of his interest in the Bandagro notes (the subject of a lawsuit in Columbus) suffice to establish that he regularly transacts business in person in Columbus."  That argument is not only unsupported by any case citations, but is directly contrary to the authority cited above, and borders on the frivolous.

As an alternative argument, Venezuela seizes on the fact that Mr. DiBenedetto has not affirmatively proved that he does *not* regularly conduct business within 100 miles of Columbus, and speculates (in a footnote) that he must do some construction work in southern Cuyahoga County, bringing him within the 100-mile radius.  It is true that Mr. DiBenedetto's assertions to the contrary have not been made in the form of a sworn statement.  However, the argument that he has failed to prove a negative concerning where he

does or does not conduct his construction business is not made in Venezuela's combined response to the motion to quash and motion to compel. It appears only in the reply (Doc. 536). The Court will therefore not consider it. Consequently, the Court concludes that the subpoena violated Rule 45(c)(2)(A).

Having reached this conclusion, the next question is what to do about the violation. It is clear that Rule 45(d)(3)(A)(ii) mandates some relief - either a quashing or a modification of the subpoena. There has been some debate about whether the Court can choose to modify, rather than quash, a subpoena which fails to comply with the geographic limits in Rule 45(c). The Advisory Committee Notes to the 2013 amendments state bluntly that "Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c)." However, as noted in In re Application for Order Quashing Deposition Subpoenas, dated July 16, 2002, 2002 WL 1870084 (S.D.N.Y. Aug. 14, 2002)(construing a prior version of the rule), courts have differed on the issue of whether such a subpoena is void *ab initio*, thus requiring an order to quash, or whether courts have discretion to modify the terms of the subpoena to bring it within the strictures of Rule 45(c). At least one district court within the Sixth Circuit has adopted the latter approach. See Matthias Jans & Associates, Ltd. v. Dropic, 2001 WL 1661473, *3 (W.D. Mich. Apr. 9, 2001)(modifying a subpoena by directing the parties to choose a place for compliance within the 100-mile limit, but also sanctioning the issuing party for having engaged in a "patent breach of [its] affirmative duty to take reasonable steps to avoid imposing undue burden upon a deponent" by attempting "to enforce a subpoena that violates

-5-

the mandatory provisions of Rule 45(c)(3)").

Like the court in In re Application for Order Quashing Deposition Subpoenas, this Court sees no need to resolve the issue of whether an order to quash is mandated by Rule 45. Assuming that the Court has the discretion to modify the subpoena if it so chooses, it does not make that choice here. Venezuela clearly did not "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," see Rule 45(d)(1), when it initially set a place for compliance outside the 100-mile limit without any reasonable belief that Mr. DiBenedetto regularly conducted business in a location which required him to produce documents in Columbus. This is especially surprising given that the primary office of its counsel, Calfee Halter, is in Cleveland. The Court sees no reason to exercise any discretion it may have here in Venezuela's favor given that Venezuela made the initial choice not to honor the requirements of Rule 45, knowing that one of the possible consequences of that choice was that the subpoena would be quashed.

The Court does not view the alleged agreement about changing the time and place of compliance to affect this result. The "agreement" Venezuela purportedly reached with Mr. DiBenedetto about both the time and place of compliance occurred in a phone conversation held *after* he filed his motion to quash - a motion he filed because, as he explained, he had not heard back from Venezuela's counsel about his requests for modification of the subpoena by the close of business on February 26, 2015, the last day before the date of compliance. At the Court views it, Venezuela merely made an offer to modify the subpoena after Mr. DiBenedetto moved, on grounds fully supported by Rule 45, to

quash it, and he was under no obligation at that point to accept the offer - nor is there any evidence in the record that he did so.

One may wonder why, given the fact that it became clear to Venezuela by no later than March 3, 2015, that Mr. DiBenedetto intended to stand on his motion, Venezuela did not simply serve him with a new subpoena which complied with Rule 45. It would have been quicker and less expensive simply to acknowledge that a substantial argument existed about the enforceability of the original subpoena than to move to compel and to file several lengthy briefs, a choice which insured that, even if the motion to compel were successful, Venezuela would not get the documents it sought until much later in the process than if it had simply issued and served a new subpoena. Since that option has always been available (and since it also appears Mr. DiBenedetto acknowledges that he has documents which are responsive and non-privileged), the Court will quash, rather than modify, the original subpoena, leaving Venezuela free to pursue the documents as Rule 45 requires. It will not award attorneys' fees to Mr. DiBenedetto, given that "[g]enerally, a pro per party who acts for himself is not entitled to attorney's fees." Franklin v. Smalls, 2012 WL 5077630, *32 (S.D. Cal. Oct. 18, 2012).

### III. Order

Based on the foregoing, the motion to quash filed by non-party David S. DiBenedetto (Doc. 480) is granted. Any relief requested in any of the subsequent filings on this issue, including in Docs. 504 and 536, is denied.

### IV. Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge