```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

DRFP, LLC,                         :

     Plaintiff,                   :

  v.                               :        Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                 :        JUDGE EDMUND A. SARGUS, JR.
                                            Magistrate Judge Kemp
     Defendants.                  :

## ORDER

Many non-party subpoenas have been served in this case. Many of the recipients of such subpoenas have filed motions raising issues about how the subpoenas have been issued or how the discovery requested by those subpoenas has been conducted. This order deals with subpoenas issued to non-party Lawrence Corna. The facts are taken from the parties' filings with respect to the subpoenas.

### I. The Facts

Venezuela served Mr. Corna with two subpoenas on February 23, 2015. One directed him to produce documents at the Columbus, Ohio office of Calfee, Halter & Griswold, LLP by March 9, 2015, and listed the documents to be produced. The other directed him to appear for a deposition the following day.

On March 6, 2015, Mr. Corna filed a motion to quash the subpoenas. He claimed, generally, that he was not given enough time to comply with the document subpoena or to prepare for a deposition. He also objected to producing any privileged material and suggested that he be reimbursed for any costs incurred in complying with the subpoenas.

According to later-filed documents, which include

Venezuela's response, a combined reply and motion for sanctions, and Venezuela's response to that motion, neither subpoena was enforced or complied with as written. Rather, Mr. Corna has produced, over the intervening months, only a smattering of documents (although he admits that he has more relevant documents to produce) and he was deposed on March 19, 2015. Further, Venezuela offered to have a vendor of its choice review the documents at issue and assist with their production, and to pay for that to happen - an offer which Mr. Corna refused. Additionally, he asked for reimbursement for some costs, which he estimated at $250.00, and Venezuela paid him that amount. Finally, some or all of the documents produced, which seem primarily to consist of emails, were produced in other than native format, meaning that some information about them was not produced. These appear to be the facts, at least as of April 29, 2015, when the last brief was filed.

## II. Discussion

On its face, this does not appear to be a very complicated matter. Mr. Corna was served with a valid document subpoena. He has segregated out some 1,400 responsive documents, but has not produced them all. Venezuela appears willing to assist him with the process, including paying a vendor to help sort and produce the documents, which, presumably, are in electronic form. It is hard to see why, under these circumstances, the documents remain unproduced.

Given these facts, an order compelling compliance with the document subpoena is appropriate. Given the protections which Rule 45 affords to non-parties, the Court will take Venezuela at its word concerning its willingness to assist in the production process. Mr. Corna is directed to produce, in native format, all remaining responsive documents, and to re-produce in that format all of the documents he has already produced, within 21 days. If

he requires further assistance from his own vendor, Venezuela shall pay the reasonable costs of that assistance, which, if the parties cannot reach an agreement about, the Court will fix. Otherwise, Mr. Corna shall permit Venezuela's chosen vendor to assist him with production of the documents. To that extent, the motion to quash (Doc. 488) is denied, the cross-motion to compel (Doc. 518) is granted, and the motion for sanctions (Doc. 536) is denied.

### III. Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge