```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION

DRFP, LLC,                         :

        Plaintiff,                 :

    v.                             :      Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                 :      JUDGE EDMUND A. SARGUS, JR.
                                          Magistrate Judge Kemp
        Defendants.                :
```

OPINION AND ORDER

Plaintiff ("Skye") has moved for leave to take a second deposition of Defendant Venezuela. The motion is fully briefed. For the following reasons, it will be granted.

I.

The background of this matter can be stated simply. Venezuela has been deposed once. The deposition, which took place on August 8, 2014, was conducted pursuant to a notice which described five general topics for discussion - four of which Venezuela had objected to. Skye conducted the deposition on the statute of limitations issue, the one to which Venezuela had not objected, but did not ask questions about other matters.

Many additional documents - according to the motion, about 30,000 pages worth - have been produced since that deposition was taken. Skye asked for a second deposition in April, 2015, to explore topics going to the merits of the case. Venezuela refused. Skye then noticed the deposition in June, 2015, setting a date within the discovery period. Venezuela responded that it would neither appear nor seek a protective order since a second deposition of the same party cannot, under Fed.R.Civ.P. 30(a)(2), be taken without leave of court. Since that exchange, Venezuela has produced even more documents. Skye wants to depose a

representative of Venezuela on the merits, taking into account all of the discovery which has occurred since it took the statute of limitations deposition.

Venezuela's objection to this deposition can be stated simply as well (although it took Venezuela 26 pages of briefing to make it).  Beginning by characterizing the request for the deposition as "a bad faith, dishonest filing that seeks to mislead the Court" (Doc. 592, at 4) - rhetoric which the Court finds both tiresome and unhelpful - Venezuela argues that there is no justification for a second deposition because the prior deposition was a "full opportunity" for Skye to examine the designated witness, and Venezuela did not stand on its prior objection to questioning outside the scope of the statute of limitations.  It also contends that the current list of topics for the deposition is unreasonably broad and that such a deposition would be duplicative and cumulative of other discovery, including depositions already taken from other witnesses.  It then identifies some topics which it believes are improper or appear to be attempts to invade attorney work product.  Finally, it objects to producing a witness in the United States, noting that it has already done so and that it would be burdensome to produce a witness anywhere other than in Venezuela.  It then suggests that, if the Court orders that a second 30(b)(6) deposition occur, it should be allowed to take a second such deposition of Skye.

## II.

The law in this area is clear.  Both parties cite to this Court's prior decision in <u>Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc.</u>, 2007 WL 764302 (S.D. Ohio March 9, 2007), where the Court permitted a second deposition of the same witness to be taken.  There, the Court said this about Rule 30(a)(2)(B):

-2-

> Although depositions are ordinarily noticed and taken without the involvement of the Court, Fed.R.Civ.P. 30(a) sets forth several circumstances under which leave of court is required in order to take a deposition. One of those circumstances, set forth in Rule 30(a)(2)(B), is when "the person to be examined already has been deposed in the case...." Although the Rule requires a party to seek leave of court under those circumstances, it also provides that such leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)...."
>
> This discovery rule, like other discovery rules requiring the parties to apply for leave of court, provides the Court with considerable discretion to make a determination which is fair and equitable under all the relevant circumstances. See generally Innomed Labs v. Alza Corp., 211 F.R.D. 237, 239 (S.D.N.Y. 2002). Of course, that discretion is not unfettered. The principles guiding the Court's discretion are those set forth in Rule 26(b)(2), which include whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit. See Collins v. International Dairy Queen, 189 F.R.D. 496 (M.D. Ga.1999); Hurley v. JARC Builders, 164 F.R.D. 39 (E.D. Pa.1995).

Given the Court's long history of involvement in the discovery process in this case, it is not terribly difficult to apply these factors to the facts as the Court views them. That application leads to the conclusion that, as an exercise of discretion, the Court should permit a second Rule 30(b))(6) deposition of Venezuela.

Skye's recitation of the events leading up to the prior deposition more accurately reflects the state of the case at that time. When that deposition was noticed, the primary focus of the parties was on completing discovery relating to the statute of limitations defense which Venezuela had raised after unsuccessfully moving for the dismissal of the case on other

grounds such as lack of jurisdiction under the Foreign Sovereign Immunities Act and the doctrine of *forum non conveniens*. While preparations for the deposition were being made, Venezuela changed counsel - something which had occurred several times before. The case was placed in suspense for a short period of time to accommodate Venezuela's need to retain new counsel, and its current lead counsel (at least from a functional standpoint), Andrew Schwartz, did not enter an appearance until June 6, 2014. In short order after that occurred, the Court denied a motion for reconsideration and set a trial date. The Rule 30(b)(6) deposition was conducted just five weeks thereafter, and prior to the Court's August 15, 2014 order (Doc. 355) setting a discovery cutoff date of November 30, 2014. It stands to reason that under those circumstances, the deposition was somewhat limited in scope. Further, it seems clear that the parties were attempting to get it taken given how long and arduous the task had been of getting it scheduled.

Discovery did not, of course, end on November 30, 2014. It has not yet ended, although the official discovery cutoff date was ultimately extended to July 31, 2015. And Venezuela does not take issue with the fact that it has produced tens of thousands of pages of documents since the first deposition. Moreover, the parties have had some success in taking other depositions (although the progress of taking depositions from witnesses located in Venezuela has not been ideal).

Venezuela appears to argue that Skye, having understood that document and other discovery was not yet complete when it went ahead with the August, 2014 deposition, cannot use the subsequent progress of discovery as a reason to reconvene that deposition. In a normal case, that argument carries significant weight. But this had not been a normal case from the outset. Skye was forced to wait approximately ten years until it took the first 30(b)(6)

deposition, did so when the statute of limitations issue was the primary topic of discussion, and deposed a party whose primary counsel had been involved in the case for only two months.  It cannot be faulted for wanting to get that deposition taken given that it had been attempting to schedule it for the better part of a year.  It also cannot be faulted for anticipating that, once discovery opened up, it might need to come back for more questioning.  Had it waited until all of the subsequent document discovery occurred, it would have not had the benefit of any discovery from Venezuela on the statute of limitations issue until very recently - although Venezuela opposed a Rule 56(d) motion to extend the response to its motion for summary judgment on that subject, and has been repeatedly pushing for a prompt close to that discovery.

All in all, the Court finds that good reasons exist to allow a second deposition of Venezuela, which is, of course, one of the two essential parties to this very complicated case, and which has been deposed so far for only one day and on one topic.  The Court is similarly not persuaded that the depositions taken of other witnesses, including some Venezuelan officials, suffice to make the deposition of Venezuela redundant or duplicative.  Venezuela certainly does not intend to make its case at trial exclusively through these witnesses, and Skye should not be prevented from exploring the bases of Venezuela's factual defenses by taking Venezuela's officially-designated witness's deposition.

Having reached that conclusion, though, the Court is sensitive to the fact that the trial is approximately six weeks away and that the parties are also engaged in a substantial amount of other work related to this case.  For these reasons, the Court will limit the second deposition to one day of eight hours (plus normal breaks).  The additional hour beyond the

seven-hour limit set out in Rule 30(d)(1) should accommodate the need for an interpreter to be present.  The Court will not, at this point, impose any specific limitations on the subject-matter of the deposition.  By now, the essential part of each party's narrative is well-understood, and the deposition should focus on Venezuela's version of the facts, plus its denial of matters such as whether it ever authorized the issuance of ICC notes.  The time limitation should insure that the questioning does not stray too far from the basic issues in the case.  In turn, Venezuela should produce the witness with the most knowledge about what factual defenses it will present at trial.

Finally, the Court agrees with Venezuela that it should not have to produce its witness in Columbus.  Although Skye argues that Venezuela has the resources to do just that, the key question is not whether Venezuela can afford to produce the witness here, but whether Skye can afford to take the deposition in the usual place for such depositions, and the Court has no evidence from which to concluded that it cannot.   The Court suggests that Miami, Florida, where the prior deposition would be taken, would make sense, but it leaves the parties to agree on that or another location - including Venezuela - and a means of taking the deposition that would minimize travel expenses.

As to the "cross-request" to take a second deposition of Skye, the Court finds that it has not been properly presented and that any such issue should not delay a ruling on Skye's motion.

For all of these reasons, the motion to take a second Rule 30(b)(6) deposition of Venezuela (Doc. 586) is granted, subject to the conditions set forth above.  The deposition shall be arranged and taken within fourteen days of the date of this order.

### III.

Any party may, within fourteen days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge