```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


DRFP, LLC,                        :

        Plaintiff,                :

     v.                           :     Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                :     JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kemp
        Defendants.               :
```

                           OPINION AND ORDER

    In an Opinion and Order dated May 22, 2015 (Doc. 548) the Court addressed, among other issues, the question of whether documents which Plaintiff Skye Ventures shared with its public relations firm, Sitrick and Company, could be withheld on grounds of attorney-client privilege or under the work product doctrine. As the Opinion notes, Sitrick had received a subpoena from Venezuela for documents relating to this case, and had withheld over 200 of them from production.  Skye attempted to support the withholding of these documents by asserting that they were Skye's work product and that such protection was not waived when Skye shared them with Sitrick.  The Court did not need to address that contention because it found that Skye did not submit any evidence to support that claim with respect to these particular documents. It consequently directed Skye, to whom the motion to compel had been directed, to produce them.

    On July 1, 2015, Venezuela filed another motion relating to documents which Skye had shared with Sitrick.  That motion is directed to two categories of documents: "all documents identified by [Sitrick] on its own privilege log that the Court previously ordered Skye to produce"; and "documents concerning

communications between Skye and Sitrick identified by Skye on a separate privilege log." Motion to Compel, Doc. 568, at 1. As its argument on the first of these categories, Venezuela represents that after the Court's prior order was issued, Skye produced only 133 Sitrick documents, withholding another 29 altogether and making substantial redactions to 21 more. The letter accompanying this production asserted attorney-client or common interest privilege as a justification for not producing all of the documents in question. Venezuela asserts that this non-production and redaction violated the May 22, 2015 order. As to the second category of documents, Venezuela recognizes that they were not directly addressed by the order because they did not appear on Sitrick's privilege log, but asserts that the same rationale adopted by the Court in the prior order also supports the production of these documents. For the following reasons, the Court grants in part and denies in part the motion to compel.

I.

The Court begins with the first category of documents. Skye, in its responsive memorandum, provides some additional information about them. It states that eleven of the documents were also listed on Skye's privilege log and that Skye had claimed attorney-client privilege with respect to these documents. Twenty more, for which Skye had not claimed any privilege on its log because it did not have possession of them (apparently, it retrieved them from Sitrick after the Court's order was issued), turned out to be covered by the attorney-client privilege as well. Another 20 were not relevant because they were communications with investors, something the Court had generally concluded need not be produced. One had nothing to do with this case. Of these 52 documents, 26 were not produced at all, and the other 26 were redacted to remove privileged

communications.  Nothing was withheld on work product grounds, which was the sole issue addressed in the Court's prior order. Skye contends that, notwithstanding the fact that it had shared the attorney-client privileged documents with Sitrick, it had not waived the privilege by doing so because it and Sitrick shared a common interest in the matter.  Skye recognizes the fact that, as to some of these documents, it did not raise the attorney-client privilege issue in response to the first motion to compel, but asks that this failure be overlooked.  In its reply, Venezuela asserts that any relevance argument about documents on the Sitrick privilege log was waived because it was not asserted in response to the prior motion and that the attorney-client privilege was waived both because Skye did not assert in in response to the prior motion to compel and because Skye voluntarily shared the documents with Sitrick, a stranger to the attorney-client relationship.

    Venezuela has consistently maintained that disclosure of otherwise privileged documents to a public relations firm is a waiver of the privilege.  That is generally true.  As the court in Eqiazaryan v. Zalmayev, 290 F.R.D. 421, 431 (S.D.N.Y. 2013) stated, "to the extent [a PR firm] was performing public relations functions, its participation in attorney-client communications resulted in a waiver — even if those functions were related to the various litigations in which [the client] was embroiled."  See also Calvin Klein Trademark Trust v. Wachner, 198 F.R.D. 53 (S.D.N.Y. 2000)(holding that disclosure of otherwise privileged communications to a public relations firm providing "ordinary public relations advice" constituted a waiver).  Mr. Richards, Skye's principal, has filed an affidavit saying that he did not intend to waive the privilege for the documents he shared with Sitrick, but that is irrelevant; Sitrick was simply not a party to Skye's attorney-client relationship

-3-

with its lawyers, and the standard by which waiver is determined is an objective rather than a subjective one.

The Court is also skeptical of Skye's claim that the common interest doctrine applies. In an order filed on September 25, 2015 (Doc. 614), the Court applied that doctrine, explaining that it served to protect communications between multiple clients who had a common interest in a litigated matter. As Venezuela points out, Sitrick does not appear to be a holder of an interest either in the notes that are the subject of this lawsuit or other notes purportedly issued by Venezuela; its interest in the outcome is purely a function of its having been hired by Skye. That is not sufficient to invoke the doctrine. "[T]he doctrine does not contemplate that an agent's desire for its principal to win a lawsuit is an interest sufficient to prevent waiver of privilege inasmuch as it does not reflect a common defense or legal strategy." Egiazaryan v. Zalmayev, 290 F.R.D. at 434. And as another district court observed, "blanket confidentiality clauses invoking the attorney-client privilege and work product doctrine do not necessarily make it so." NXIVM Corp. v. O'Hara, 241 F.R.D. 109, 140 (N.D.N.Y. 2007). The Court sees no common interest here. However, the fact that Skye had the opportunity to raise all of these privilege arguments before, and did not, is really the crucial point. In this litigation, in particular, the Court simply cannot allow the parties to present their positions piecemeal; there has been too much motions practice concerning discovery to countenance that. Consequently, the privilege which might otherwise have attached to the communications revealed to Sitrick - a privilege that is suspect to begin with because of the apparent lack of common interest - has been waived.

The question of the relevance of Skye's investor communications is a somewhat different matter, however. Skye has raised that issue before, and the Court determined, in the same

Opinion and Order (Doc. 548) addressing the work product claims for the Sitrick documents, that, in general, such communications were irrelevant.  Although Skye did not raise that issue specifically with respect to the Sitrick documents, the fact remains that they are no more relevant now than they were when the Court first addressed this issue.  These documents do not have to be produced, nor does the single document which Skye has identified as having no relationship to this case.

II.

The other category of documents at issue are ones which appear on a privilege log created by Skye.  They are also communications with Sitrick, but they were not addressed directly by the Court's prior order because Venezuela's motion to compel did not ask the Court to order them to be produced.  Venezuela contends, however, that the substance of the Court's ruling applies equally to these documents, and that the Court should now order them to be produced.

Skye first objects to producing the documents on relevance grounds, asserting that all of its communications with Sitrick occurred well after the lawsuit was filed, with more than half of them having been made in the last five years.  Skye also makes a blanket claim of work product protection ("Sitrick's entire involvement with the events underlying this case has been as an agent of Skye, so any responsive document would have been created by or for Skye, Skye's attorneys, or Sitrick").  Doc. 585, at 9. It expands on that argument by claiming that part of the reason Sitrick was engaged was to encourage Venezuela to settle this matter, and that this purpose is litigation strategy.  It also contends that some of the documents in this category are work product because they contain communications between Skye and its investigator, and that these same documents are protected by the attorney-client privilege.  Lastly, it again asserts that no

-5-

waiver of any privilege occurred when it shared documents with Sitrick due to the common interest doctrine.

The Court has already determined that neither the work product nor common interest doctrine arguments have merit. That leaves the question of relevance. Venezuela does not address that issue directly in its response; it makes a lengthy argument as to why the documents on Sitrick's privilege log are relevant, citing to some examples in the documents it obtained from Sitrick, but it does not expressly extend this argument to the documents on Skye's privilege log, other than to assert that the documents must be relevant because they would not have been logged otherwise.

This is not an issue which can be resolved by generalization. Given the span of time over which Skye communicated with Sitrick, it is certainly possible that some of those communications, while they all may be relevant to the subject matter of this case, may not be relevant to any claim or defense. That is a distinction drawn by Rule 26(b) and one which the Court must consider. As reluctant as the Court is to engage in further *in camera* review of documents in this case, it is likely that Venezuela will not be satisfied that the documents are irrelevant just because Skye has said so. Consequently, as to these documents, the Court will direct Skye to submit them for an *in camera* review within seven days. A further order concerning their production will issue after the review has taken place.

### III.

For the foregoing reasons, the motion to compel (Doc. 568) is granted in part and denied in part. Within fourteen days of the date of this order, Skye shall produce those documents from the Sitrick privilege log which the Court has determined, in Section I above, must be produced. Within seven days of the date

of this order, Skye shall submit the documents at issue listed on its privilege log for an *in camera* review.

IV.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

/s/ Terence P. Kemp
United States Magistrate Judge