```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

DRFP, LLC,                          :

    Plaintiff,                 :

  v.                              : Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                  : CHIEF JUDGE EDMUND A. SARGUS, JR.
                                                    Magistrate Judge Kemp

    Defendants.                :

## ORDER

In an Opinion and Order filed on October 19, 2015, the Court, among other rulings, directed Plaintiff Skye Ventures to submit certain communications between it and its public relations firm for an *in camera* review. See Doc. 628. Those documents (197 in all) have now been submitted. This order will direct Skye to produce a handful of them to Venezuela.

As the prior order reflects, the purpose of the Court's review was to evaluate Skye's claim that none of these documents are relevant to any claim or defense in this case. As the Court views it, the primary claims and defenses in this case relate to the validity of the Bandagro notes, any fraud allegedly committed by Gruppo Triad or its principal, James Pavanelli, the expiration or extension of the statute of limitations, whether Skye is a holder in due course, whether Venezuela is bound by (and whether Skye reasonably relied upon) the 2003 decision issued by Marisol Plaza validating the notes, and, to some lesser extent, issues about the credibility of the witnesses and the relationship between Skye and Gruppo Triad. That is not an exhaustive list of the matters that are relevant to the parties' claims and defenses, but it covers most of the pertinent ground, and the

Court reviewed the documents with these issues primarily (but not exclusively) in mind. The Court also took into account the likelihood that any of the documents, while not themselves admissible at trial, might reasonably lead to the discovery of relevant evidence, and whether any of them are merely duplicative or cumulative of other discovery.

From the Court's review of the documents, it concludes that the following documents, or portions of documents, are relevant and discoverable:

Doc. 1 (which is in part in question and answer format): Questions and Answers 1-4, 7, and 8 only.

Doc. 16, ¶s 1 and 2 only.

Docs. 19, 20, 54, and 82.

The balance of the documents are routine communications between a client and its public relations firm, consisting largely of emails setting up meetings or telephone calls, copies of articles which appeared in either the national or foreign press concerning the lawsuit and the subject of Bandagro notes generally, and efforts to place favorable statements in the press. Some of that material, particularly the press clippings, contains relevant information, but not in a form which would ever be admissible at trial or which could conceivably lead to some relevant witness or piece of information that the parties have not already unearthed and conducted much discovery about. There are also, of course, many articles and communications about matters generally of interest to someone suing Venezuela, but which have no relationship to this case. The Court sees no reason to direct Skye to produce these articles which, presumably, Venezuela is already aware of and which are in the public domain.

Consequently, based on its review, and as the sequel to the October 19, 2015 Opinion and Order, the Court directs Skye to produce the material listed above within twenty-one days.

<u>Motion to Reconsider</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge