```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION


DRFP, LLC,                          :

        Plaintiff,                  :

    v.                              :   Case No. 2:04-cv-793

The Republica Bolivariana de
Venezuela, et al.,                  :   CHIEF JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kemp
        Defendants.                 :
```

ORDER

On August 18, 2015, Venezuela filed a motion to compel answers to interrogatories and documents requests. The motion was accompanied by a request for sanctions under Fed.R.Civ.P. 37(a)(5). The basis for the motion itself was that, despite the fact that responses to the interrogatories and document request were due no later than July 31, 2015, and despite being promised responses to its written discovery by August 15, 2015, those responses were not served. Venezuela asked for sanctions because sanctions are routinely granted when an opposing party fails to respond to written discovery in a timely manner and then fails to follow through with a promise to provide that discovery in order to prevent the need for filing a motion to compel.

In its opposing memorandum, Plaintiff Skye Ventures admits that it did not respond to the interrogatories or document requests by July 31, 2015. It attributes this failure to the complexity of the requests and the fact that Skye's counsel was involved in many other activities occurring in this case. It also admits that it told Venezuela's counsel that the responses would likely be served by August 15, 2015, and that it did not actually respond to the document requests until August 18, 2015

(the day the motion to compel was filed) or to the interrogatories until August 20, 2015. Skye suggests, however, that Venezuela's "decision to pounce on the delay" by filing a motion to compel on August 18, 2015 was "surprising" and inconsistent with the parties' practice of granting each other extensions when requested. Memorandum in Opposition, Doc. 610, at 5. Finally, Skye argues that its diligence in responding to the document requests and interrogatories makes its failure to provide its responses earlier "substantially justified" within the meaning of that phrase in Rule 37.

Rule 37(a)(5) says the following:

(5) **Payment of Expenses; Protective Orders**.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(I)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

Here, the motion was filed very promptly after the promised date had passed, but given the discovery schedule in this case and the fact that the parties had discussed the new date, which was an extension of fifteen days from the original date, the Court cannot find that Venezuela did not make a good faith effort to obtain responses before it filed its motion. And there was no

objection to the motion on its merits.  That leaves only Skye's assertion that because the amount of time it took to respond to the discovery requests was itself reasonable, it can avoid sanctions, even though it did not communicate the need for more time to Venezuela and the responses were overdue.

The Court simply cannot accept that argument.  This Court does not often award discovery sanctions (and this case provides a good example of that, given the number of opportunities the parties have presented to the Court for doing so), usually because, in this District, when a discovery matter reaches the stage of written motions practice, the party opposing the motion has a good faith argument for its position.  The Court will generally award sanctions, however, if, regardless of the merit of the opposing party's position, its conduct caused the opposing party to incur the expense of filing an otherwise unnecessary motion.  See, e.g., Abercrombie & Fitch Co. v. Federal Ins. Co., 2007 WL 1795869 (S.D. Ohio June 20, 2007)(awarding sanctions for the filing of a motion to compel when the responding party failed to communicate the fact that its responses would be late and did not ask for a short extension).  The facts of this case are not readily distinguishable.  Especially given the time pressures for completing discovery, Skye should have known that if this particular deadline passed without its providing the promised discovery and if it did not communicate with counsel for Venezuela, a motion to compel would be forthcoming.  As between the two parties, it is not appropriate to charge Venezuela with the cost of preparing that motion when Skye's conduct forced it to be filed.

That said, the failure is not, in the overall context of this case, particularly egregious, and any delay was brief.  The Court therefore will impose a monetary sanction which reflects the appropriate amount of time necessary to bring the matter to

the Court's attention.  Skye shall, within thirty days, pay to Venezuela the sum of $2,000.00 as attorneys' fees in connection with the motion to compel.  The motion to compel and for attorneys' fees (Doc. 591) is granted to that extent.

### Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge